```
               IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
_____

United States of America,       ) Criminal Action
                                ) No. 1:21-cr-00214-JDB-1
            Plaintiff,          )
                                ) Initial Appearance
vs.                             ) (via Zoom)
                                )
Joseph Lino Padilla,            ) Washington, D.C.
                                ) March 29, 2021
            Defendant.          ) Time:  2:58 p.m.
_____

           Transcript of Initial Appearance (via Zoom)
                          Held Before
              The Honorable Zia M. Faruqui (via Zoom)
                   United States Magistrate Judge
_____

                       A P P E A R A N C E S

For the Plaintiff:      Jacob R. Steiner
(via Zoom)              DEPARTMENT OF JUSTICE
                        UNITED STATES ATTORNEY'S OFFICE
                        FOR THE DISTRICT OF COLUMBIA
                        1331 F Street, Northwest, Floor 3
                        Washington, D.C. 20004

                        Puja Bhatia
                        DEPARTMENT OF JUSTICE
                        UNITED STATES ATTORNEY'S OFFICE
                        FOR THE DISTRICT OF COLUMBIA
                        555 Fourth Street, Northwest
                        Office Suite 9439
                        Washington, D.C. 20530

For the Defendant:      Nathaniel C. Wenstrup
(via Zoom)              FEDERAL DEFENDERS FOR THE
                        EASTERN DISTRICT OF VIRGINIA
                        1650 King Street, Suite 500
                        Alexandria, Virginia 22314

Also Present:           Andre Sidbury, Pretrial Services Agency
(via telephone)
_____
```

```
Stenographic Official Court Reporter:
(via Zoom)                Nancy J. Meyer
                          Registered Diplomate Reporter
                          Certified Realtime Reporter
                          United States Courthouse, Room 6509
                          333 Constitution Avenue, Northwest
                          Washington, D.C. 20001
```

P R O C E E D I N G S

(REPORTER'S NOTE:  This hearing was held during the COVID-19 pandemic restrictions and is subject to the limitations of technology associated with the use of technology, including but not limited to telephone and video signal interference, static, signal interruptions, and other restrictions and limitations associated with remote court reporting via telephone, speakerphone, and/or videoconferencing.)

THE COURTROOM DEPUTY:  This is Criminal Case 21-214, the United States of America v. Joseph Lino Padilla.  The defendant is present by video.  This matter is set for initial appearance.

Parties, please introduce yourselves for the record, starting with the government.

MR. STEINER:  Good afternoon, Your Honor. Jacob Steiner for the United States.  I'm standing in for Puja Bhatia and Jacob Strain.

MR. WENSTRUP:  Good afternoon, Your Honor. Nathaniel Wenstrup, with the Federal Defenders of the Eastern District of Virginia, for Mr. Padilla.

THE COURT:  All right.  Thanks so much.

Mr. Sidbury, are you on the line?

THE PRETRIAL SERVICES OFFICER:  I am, Your Honor.

THE COURT:  Oh, great.  Thank you so much.

All right.  So, Mr. Wenstrup, I want to just start with you.  Have you had a chance -- I know this is obviously challenging in terms of getting time with your client, so I'm

1   just so appreciative, as I've said earlier.  And, you know,
2   again, I don't know if you were at that proceeding or not, but
3   I'm just so appreciative for everything federal public
4   defenders around the country are doing to make sure people's
5   rights are observed and how you-all are -- you know, continued
6   public service not just to your local bar but to us.  So thank
7   you.
8          MR. WENSTRUP:  I appreciate that, Your Honor.
9          THE COURT:  Yeah.  So have you had a chance to speak
10  to your client -- or tell me what's going on.
11         MR. WENSTRUP:  We just spoke for a couple minutes in
12  a breakout room.  He does consent to proceed by
13  videoconference.  I'm looking at his pretrial service report.
14  We didn't get a chance to go -- in the breakout room, we didn't
15  get a chance to go into the details of his income, but in
16  the -- looking at the pretrial service report and his family
17  size, I believe he will meet the bar that Your Honor set out
18  earlier in terms of qualifying for our representation.
19         So we would ask to be appointed -- that I would ask to
20  be appointed in this case.  And then --
21         THE COURT:  Do you know if he had appointed counsel
22  in his initial appearance district, or -- I can also just ask
23  him if he earns greater than $75,000 a year or whatever is
24  easier.
25         MR. WENSTRUP:  I believe that their net income is --

1    is below that amount.
2            THE COURT:  Okay.  That's great for me.  Thanks.  I'm
3    going to go ahead and appoint you as counsel in this matter.
4            Mr. Padilla, can you hear me all right?  This is
5    Judge Faruqui.
6            THE DEFENDANT:  Yes, sir.  I hear you.
7            THE COURT:  Okay.  Great.  So I've appointed
8    Mr. Wenstrup as your counsel going forward.  I'm also going to
9    be talking to him, but if you have any questions or concerns,
10   please do let me know; okay?
11           THE DEFENDANT:  Yes, sir.
12           THE COURT:  And normally we have a little more
13   facilities, you know, just -- because you just got here, we're
14   kind of going through one after another, folks, and we just --
15   the whole purpose behind that is just to make sure people don't
16   languish; that they don't feel like that -- you know, they're
17   forgotten or their case isn't getting heard, but in -- going
18   forward, you'll be able to get, I believe, longer time before
19   or after the hearings, whenever we can, with your counsel in a
20   breakout room.
21           Today is just a little bit quick.  So I apologize that
22   we can't get you more time, but I will do a better job next
23   time; okay?
24           THE DEFENDANT:  Yes, sir.
25           THE COURT:  All right.  Great.

1          So, Mr. Wenstrup, as I understand it, your counsel --
2     I'm sorry -- your client, I believe, has -- has -- is eligible
3     for a detention hearing in this district, but tell me if I'm
4     wrong on that, please.
5               MR. WENSTRUP:  I believe -- I believe that is
6     correct, Your Honor.
7               THE COURT:  Okay.  Great.
8          And, Mr. Steiner, I think that's what you had thought,
9     but you weren't a hundred percent sure.  So I think we're on
10    the same page.
11              MR. STEINER:  I think we are, Your Honor.  I did pull
12    a docket, and it looks like there is a detention memo already
13    filed in Mr. Padilla's case as well.
14              THE COURT:  Okay.  Great.
15         So, Mr. Wenstrup, tell me when you'd like to have the
16    detention hearing.
17              MR. WENSTRUP:  I'm available either Wednesday or
18    Thursday.  Wednesday I have a detention hearing in EDVA at
19    2:00 p.m., but I'm otherwise -- would otherwise be free,
20    depending on the Court's calendar.
21              THE COURT:  Do you want to say -- Ms. Lavigne-Rhodes,
22    do you want to say 4 o'clock?  Is that too late?  Can we do
23    that?
24              THE COURTROOM DEPUTY:  On Wednesday or Tuesday?
25              THE COURT:  On Wednesday.

|    |    |
|---|---|
| 1  | THE COURTROOM DEPUTY:  No, that should work. |
| 2  | THE COURT:  Sorry.  Go ahead. |
| 3  | MR. STEINER:  Your Honor, I have a note from the |
| 4  | assigned AUSA.  Her availability is best on either Wednesday |
| 5  | morning or Thursday afternoon.  I don't know if the parties and |
| 6  | the Court would be available at one of those blocks of time. |
| 7  | THE COURT:  Sure.  How about 10:00 a.m. on -- will |
| 8  | the jail work, Ms. Lavigne-Rhodes?  Or later?  11:30?  I know |
| 9  | we have a preliminary hearing that maybe -- yeah.  Tell me, |
| 10 | Ms. Lavigne-Rhodes.  Go ahead. |
| 11 | THE COURTROOM DEPUTY:  Let me take a quick look at |
| 12 | their calendar.  It's kind of tight in the morning.  Maybe |
| 13 | 10:30.  I can try for that time. |
| 14 | THE COURT:  Let's hear from Mr. Wenstrup.  Will that |
| 15 | work for you, Mr. Wenstrup? |
| 16 | MR. WENSTRUP:  That will.  Thank you, Your Honor. |
| 17 | THE COURT:  Okay.  And, Mr. Steiner, sounds like that |
| 18 | ought to work; right? |
| 19 | MR. STEINER:  Yes, Your Honor, it's -- this Wednesday |
| 20 | at 10:30 a.m., just so I have that right. |
| 21 | THE COURT:  Yeah, that's what we're aiming for -- |
| 22 | we're aiming for.  Ms. Lavigne-Rhodes, you know, for whatever |
| 23 | reason that doesn't work, I suspect she'll send out an email. |
| 24 | But, you know, let's -- let's shoot for Wednesday at 10:30. |
| 25 | Okay.  It should be free on my calendar now, |

```
 1        Ms. Lavigne-Rhodes.
 2             Okay.  Well, there's a pending detention motion, so I
 3        think the time between now and then will be excluded from
 4        speedy trial computation.
 5             Mr. Steiner, anything else on your end that we didn't
 6        cover?
 7             MR. STEINER:  Your Honor, I just want to note that
 8        there's a proceeding before Judge Bates tomorrow.  I assume
 9        it's an arraignment, and I just want to confirm that's correct.
10             THE COURTROOM DEPUTY:  That is correct.  Arraignment
11        status hearing is scheduled for tomorrow at 11:30 a.m. before
12        Judge Bates.
13             THE COURT:  Okay.  Great.
14             MR. STEINER:  I appreciate it.
15             THE COURT:  Mr. Wenstrup, you got that?
16             MR. WENSTRUP:  Yes, Your Honor.
17             THE COURT:  Okay.  Great.
18           So two things.  Mr. Padilla, one, I want to advise you
19        about what -- the term exculpatory evidence, that means
20        evidence that's helpful to your case.  Pursuant to Rule 5(f),
21        I'm ordering the government to produce all exculpatory evidence
22        as that term is defined in the case of *Brady v. Maryland* and
23        its related cases.  Failure to do so in a timely manner may
24        result in sanctions, including exclusion of evidence, adverse
25        jury instructions, dismissal of charges, and contempt
```

1       proceedings.
2              So you've heard that your case has been formally
3       charged.  So you'll next be before Judge Bates tomorrow.  So
4       he's your district judge in this matter.  He's the judge whom
5       you'll have your trial, whom you might decide however to
6       resolve your case.  You'll get the chance to mount your
7       defense, really put the government to its paces.  So you'll be
8       back with your counsel tomorrow, Mr. Wenstrup, to have an
9       opportunity to be before Judge Bates and set things going
10      forward.
11             Then the next day you'll be back before me to discuss a
12      detention determination.  If for whatever reason the government
13      doesn't agree with what I rule or your -- you and your counsel
14      don't agree, you'll always be able to appeal and go back to
15      Judge Bates, any determination that I make.  But I can't tell
16      you what I will do.  All I can tell you is that you're presumed
17      innocent, but that the government, in spite of that, they do
18      have a right -- they think certain factors apply that they can
19      detain you.  So we'll hear more about that on Wednesday at
20      10:30; okay?
21                  THE DEFENDANT:  Yes, sir.
22                  THE COURT:  Okay.  Great.
23             Mr. Wenstrup, anything else on your end?
24                  MR. WENSTRUP:  No.  Thank you, Your Honor.
25                  THE COURT:  Great.

1          Mr. Steiner, anything else on your end?
2              MR. STEINER:  No, Your Honor.  Thank you.
3              THE COURT:  Great.
4          Mr. Sidbury, you're good?
5              THE PRETRIAL SERVICES OFFICER:  Your Honor, pretrial
6   is good.
7              THE COURT:  Thank you so much.
8          All right.  So the parties are excused from this
9   proceeding.
10             (The proceedings concluded at 3:06 p.m.)

1       CERTIFICATE OF OFFICIAL COURT REPORTER

2

3            I, Nancy J. Meyer, Registered Diplomate Reporter,

4       Certified Realtime Reporter, do hereby certify that the above

5       and foregoing constitutes a true and accurate transcript of my

6       stenograph notes and is a full, true, and complete transcript

7       of the proceedings to the best of my ability.

8

9                         Dated this 19th day of April, 2021.

10

11                        /s/ Nancy J. Meyer
                          Nancy J. Meyer
12                        Official Court Reporter
                          Registered Diplomate Reporter
13                        Certified Realtime Reporter
                          333 Constitution Avenue Northwest, Room 6509
14                        Washington, D.C. 20001

15

16

17

18

19

20

21

22

23

24

25