AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Joseph Lino Padilla ) | Case No.   21-cr-214 (JDB)/(ZMF) |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
      § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
      Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
      (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a)
      through (c) of this paragraph, or two or more State or local offenses that would have been offenses
      described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
      jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
    § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to
    Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
    committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
    defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❏ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

## Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❏ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❏ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
❏ Subject to lengthy period of incarceration if convicted
❏ Prior criminal history
❏ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

- ❏ History of violence or use of weapons
- ❏ History of alcohol or substance abuse
- ❏ Lack of stable employment
- ❏ Lack of stable residence
- ❏ Lack of financially responsible sureties
- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

Defendant, who is charged with offenses relating to the breach of the U.S. Capitol Building on January 6, 2021, argued that the present case is not about a large out-of-control crowd, but rather, about the particular facts and circumstances of his alleged conduct. He highlighted that he is a stay-at-home father who picks up his children from school and manages the household affairs. Defendant also highlighted that he has received strong social support from his mother-in-law, who is offering his entire family a place to stay, as his family was evicted from their home when their landlord learned of Defendant's arrest. Defendant also emphasized that he has no criminal record and there are no allegations that he made violent threats before or after January 6, 2021. Defendant relied on the Pretrial Services Report which indicated that he was not a risk of flight and had a low risk of re-arrest. Defendant further highlighted that although he had an opportunity to flee, he did not do so or hide when law enforcement officers came to his home. He proffered that this demonstrates that he is not a flight risk. Defendant acknowledged that the allegations against him are serious, but he emphasized that he has now experienced incarceration for the first time in his life which will deter future bad behavior. As to the allegations against him, Defendant emphasized that he brought no weapons or tactical gear (except for a scuba mask) to the Capitol, did not enter the Capitol Building, has no affiliations with organizations such as The Proud Boys, and he was not a leader of the January 6 activities; rather, he reports to have been a mere bystander. Last, Defendant proffered that the Government's argument that no release conditions would ensure the safety of the community is not credible, as courts across the country have been releasing other individuals charged in connection with the January 6 Capitol riots.

Nature and circumstances of offense(s):

The breach of the Capitol Building on January 6, 2021 was a crime like no other. There is a factual basis to state that this was a threat to the stability of the union and our government as we know it. The gravity of what occurred that day cannot be overstated. Defendant allegedly took part in a violent assault on the Capitol in an attempt to stop the lawful democratic transition of power, which is extremely troubling. Yet, this analysis is not just about the offense, but the defendant's role in it. *See United States v. Munchel,* No. 21-3010, 2021 WL 1149196 (D.C. Cir. Mar. 26, 2021). The Defendant's role in the events is troubling and places him in a different category from mere bystanders. The government's exhibits are disturbing. They contain images of Defendant grabbing barricades and pushing them into law enforcement, leading other rioters to push, headbutting law enforcement, throwing large metal barricades onto officers to forcibly push them back, as well as throwing a metal pole at law enforcement officers. The metal pole likely came down onto an officer's head. Defendant's alleged actions are ones of violence directed at officers trying to keep the country's democratic process safe. For these reasons, this factor weighs in favor of Defendant's pretrial detention.

The strength of the government's evidence:

There is little dispute as to the strength of the evidence against Defendant, thus this factor also weighs in favor of detention. The government submitted evidence during the detention hearing demonstrating that the Defendant engaged in violent conduct at the Capitol Building on January 6, 2021. In addition, a subsequent search of the defendant's residence revealed clothing items that the Defendant wore in the videos on the day of the riot.

The defendant's history and characteristics, including criminal history:

The Court appreciates Defendant's work as a stay-at-home father, and takes issue with the Government categorizing him as "unemployed." Defendant's commitment to his family, his strong support network, his prior service to this country, and the hardships he has endured give the Court great pause in ordering his detention pending trial. It is difficult to reconcile the image of a caring stay-at-home dad with the violent acts the Defendant allegedly committed on January 6. Indeed, as a veteran, the Defendant knew that what occurred on January 6th was totally unacceptable. He previously swore an oath to defend the country from all enemies foreign *and* domestic. This factor also weighs in favor of his pretrial detention.

The defendant's dangerousness/risk of flight:

Defendant's dangerousness to the community goes beyond just the activities of January 6; therefore, this factor also weighs in favor of his pretrial detention. As stated in *Munchel*, people such as Defendant who participated in violence on January 6 "are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." 2021 WL 1149196 at *8. Here, Defendant allegedly repeatedly assaulted law enforcement officers in his attempt to breach the Capitol Building, including with multiple objects that he used as weapons. After his violent conduct, he expressed online that "[w]e would have been in the Seat of Power," that he wanted to "dissolve the legislature," and that "after. . . the events on the 6th, I'm done being passive." These statements indicate no change in his beliefs and a willingness to engage in future violence to support those beliefs. Defendant's release poses a danger to the community that cannot be mitigated by release conditions.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 04/21/2021

Zia M. Faruqui  
Digitally signed by Zia M. Faruqui  
Date: 2021.04.21 22:25:41 -04'00'

United States Magistrate Judge