UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           v.<br><br>JOSEPH LINO PADILLA,<br>also known as "Jose Padilla,"<br><br>           Defendant. | Crim. No. 21-214 (JDB) |

## ORDER

Defendant is charged via indictment with ten felony and two misdemeanor offenses based on his participation in the events at the U.S. Capitol on January 6, 2021. He has been detained pending trial since his arrest on February 23, 2021. At the status hearing held on August 25, 2021, the government moved orally, without defendant's consent, to exclude the time under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161 et seq., from that date until the next status hearing on October 14, 2021. The government offered to file a written supplement to its oral motion and did so hours after the hearing concluded.

   The government has provided the Court with substantial information regarding the complexity of discovery in this case given the scope of the investigation of the January 6 events and the number of defendants charged. See, e.g., Gov't's Unopposed Mot. to Continue & to Exclude Time Under the STA (Apr. 5, 2021) [ECF No. 11]; Gov't's Mem. Regarding Status of Discovery (Aug. 24, 2021) [ECF No. 30]. Although the Court has been informed that most of the discovery specific to Mr. Padilla has been turned over to defense counsel, the government's efforts to produce the full universe of discoverable materials are ongoing, with no known completion date.

   The Court will defer ruling on the government's motion in its entirety until the Court has fully considered the government's recent submission. In the meantime, the Court finds it

appropriate to exclude the time under the STA from August 25, 2021 through August 31, 2021. Due to the volume and nature of potentially discoverable materials that are still being processed for production, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant a limited continuance would likely make a continuation of this proceeding impossible, or result in a miscarriage of justice. For the same reasons, it is unreasonable to expect adequate preparation for pretrial proceedings or trial itself within the STA's time limits.  Hence, under 18 U.S.C. §§ 3161(h)(7)(B)(i) and (ii), the Court finds that the ends of justice served by excluding this time outweigh the interests of the public and defendant in a speedy trial.[1]

\* \* \*

For the foregoing reasons, it is hereby **ORDERED** that the government's motion to continue and exclude time under the Speedy Trial Act is **GRANTED IN PART** at this time; and it is further **ORDERED** that the time period from August 25, 2021 to August 31, 2021, is excluded from the computation of time within which a trial must commence under the Speedy Trial Act. The Court will issue a subsequent order addressing the government's request to exclude time through the scheduled status hearing on October 14, 2021.

**SO ORDERED.**

/s/<br>JOHN D. BATES<br>United States District Judge

Dated:  August 26, 2021

---

[1] The Court also notes that, in light of the "exigent circumstances created by the COVID-19 pandemic," Chief Judge Howell has entered a District-wide Standing Order excluding time through October 31, 2021 under 18 U.S.C. § 3161(h)(7)(B)(i) in all criminal cases "that cannot be tried consistent with [] health and safety protocols and limitations." See Standing Order No. 21-47 (BAH) (Aug. 25, 2021).