UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSEPH LINO PADILLA,<br>also known as "Jose Padilla,"<br><br>Defendant. | Crim. No. 21-214 (JDB) |

### ORDER

At the status hearing held on August 25, 2021, the government moved orally, without Mr. Padilla's consent, to exclude under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161 et seq., the time from that date until the next status hearing on October 14, 2021.  Mr. Padilla objected to the motion, and the government offered to file a written supplement, which it did later that day.  See Gov't's Mem. in Supp. of Aug. 25, 2021 Oral Mot. to Continue Trial & Exclude Time Under STA ("Gov't's Mem.") [ECF 32].  On August 26, the Court entered an order excluding time under the STA from August 25 to August 31, finding that "the ends of justice served by excluding this time outweigh the interests of the public and defendant in a speedy trial."  Order (Aug. 26, 2021) [ECF No. 34] at 2.  But the Court stated it would "defer ruling on the government's motion in its entirety until the Court ha[d] fully considered the government's recent submission."  Id. at 1.  Having done so, the Court will now grant the government's motion in full.

Mr. Padilla is charged via indictment with ten felony and two misdemeanor offenses based on his participation in the events at the U.S. Capitol on January 6, 2021.  He has been detained pending trial since his arrest on February 23, 2021—now over six months.  Although he has consented to the exclusion of time under the STA throughout the case thus far, at the August 25, 2021 status conference, defense counsel advised that Mr. Padilla no longer will consent moving

1

forward. See id.; Min. Entry (Apr. 5, 2021); Min. Entry (Apr. 13, 2021); Min. Entry (May 12, 2021); Min. Entry (June 11, 2021); Min. Entry (Aug. 25, 2021).

The speedy trial clock under the STA is tolled when "the judge grant[s] [a] continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Here, an ends-of-justice continuance from August 31 to October 14, 2021 is warranted due to the volume and nature of potentially discoverable materials that are still being processed for production by the government, and will then require additional time for review and assessment by Mr. Padilla.[1]

The complexity of discovery in this case is substantial. Although the Court understands that most of the discovery specific to Mr. Padilla has been produced, a sizeable amount of what the parties have termed "global discovery"—i.e., discovery that may relate to all defendants charged in connection with the January 6 events—remains in processing. Thus far, over 500 defendants face charges for their participation in the January 6 events. See Six Months Since the January 6th Attack on the Capitol, U.S. Att'y's Off. D.C., https://www.justice.gov/usao-dc/six-months-january-6th-attack-capitol (last updated Aug. 6, 2021). The government has endeavored to create two databases for "global discovery" that will be accessible to defense counsel in every case. When complete, those databases will house thousands of hours of body-worn camera and Capitol surveillance footage, and hundreds of thousands of investigative memoranda and files, largely from the FBI. See Gov't's Mem. Regarding Status of Disc. (Aug. 24, 2021) [ECF No. 31] at 1, 3, 6–8. This is undoubtedly a complicated technical undertaking, and although the process

---

[1] The Court also notes that, in light of the "exigent circumstances created by the COVID-19 pandemic," Chief Judge Howell has entered a District-wide Standing Order excluding time through October 31, 2021 under 18 U.S.C. § 3161(h)(7)(B)(i) in all criminal cases "that cannot be tried consistent with [] health and safety protocols and limitations." See Standing Order No. 21-47 (BAH) (Aug. 25, 2021) at 7–8. Although the limitations on jury trials created by the COVID-19 may provide independent reason to exclude time under the STA, the Court rests its analysis on other grounds because the parties have not yet even requested a trial date.

has not been alacritous, the Court recognizes the government's efforts to create a workable mechanism for defense counsel to review this voluminous data.

As of August 24, the government estimated that at least some database materials would be accessible to defense counsel within two to four weeks.  See id. at 5, 8–9.  As defense counsel noted at the status conference on August 25, it will then take time for his team and Mr. Padilla to review those materials, not to mention future productions.  The timeline may also be extended further here, given that defense counsel will soon be on parental leave until Thanksgiving, and a second attorney will represent Mr. Padilla in the interim.

While obtaining "global discovery" may not be critical from every January 6 defendant's perspective, defense counsel has represented that, after considering (and rejecting) an initial plea offer, Mr. Padilla determined that he wishes to review this discovery before deciding how to proceed with his case.  Hence, although the Court understands Mr. Padilla's frustrations with the discovery delays, it finds that failing to exclude time under the STA until the next status hearing—thereby preventing Mr. Padilla from reviewing the discovery he seeks—would likely result in a miscarriage of justice and leave defense counsel without reasonable time necessary to prepare for pretrial proceedings or trial.  See 18 U.S.C. §§ 3161(h)(7)(B)(i) & (ii); see also, e.g., United States v. Parga-Rivas, 689 F. Supp. 2d 25, 28 (D.D.C. 2009) (granting ends-of-justice continuance based on need to allow voluminous discovery materials to be translated into a readable format and reviewed by defense counsel); United States v. Salahmand, No. CR 08-192 (CKK), 2008 WL 11356766, at *3 (D.D.C. Oct. 30, 2008) (granting ends-of-justice continuance to enable "necessary but time-consuming review of the voluminous discovery" which had to "be done largely before trial preparation c[ould] even begin").  Excluding the time until October 14 will also serve the government's interests by enabling it to satisfy its discovery obligations and ultimately to engage

3

in further plea discussions with Mr. Padilla.  That said, the Court will expect another detailed discovery update from the government at the next status hearing so that the Court can continue to monitor the progress being made.

The Court also takes issue with a few points made in the government's written supplement.  For one, although a defendant's consent is not required to toll time under § 3161(h)(7)(A), see, e.g., United States v. Stoddard, 74 F. Supp. 3d 332, 341 (D.D.C. 2014), it is far from "irrelevant" to the ends-of-justice analysis, see Gov't's Mem. at 6.  To be sure, the Court's weighing of Mr. Padilla's stated lack of consent is somewhat complicated here.  For although he does not wish to consent to any further continuances in his case, he is also not asking this Court to set a trial date and states that he needs more time to receive and review discovery before deciding how to proceed.  Therefore, while Mr. Padilla's lack of consent is not dispositive, his perspective on the timeline for his case certainly bears on the Court's analysis.  Cf. United States v. Bikundi, 926 F.3d 761, 779 (D.C. Cir. 2019) (upholding ends-of-justice continuance where "[defendant] neither suggests her trial counsel should have proceeded to trial before discovery was completed nor challenges the district court's statement that the parties were arranging for the most expeditious way to get discovery into the hands of defense counsel." (quotation marks and citation omitted)).

Likewise, the Court rejects the government's proposition that "the fact that [Mr. Padilla] is detained is not relevant" to the STA analysis.  See Gov't's Mem. at 7.  Surely a court might hesitate to find that justice was served by continuing the case of a detained defendant for a period of time that exceeded any sentence the defendant might possibly face if convicted.  Detention is clearly relevant.  Nonetheless, at this juncture, as stated by the government at the August 25, 2021 hearing, that is not the situation here given the numerous felony charges Mr. Padilla faces.  Therefore, although Mr. Padilla's detention provides extra reason why this case must progress expeditiously,

the Court does not ultimately find that his status outweighs the many considerations that necessitate granting an ends-of-justice continuance at this time.

\*   \*   \*

For the foregoing reasons, the Court finds, under 18 U.S.C. §§ 3161(h)(7)(B)(i) and (ii), that the ends of justice served by excluding the time from August 31, 2021 through October 14, 2021, outweigh the interests of the public and defendant in a speedy trial.  Accordingly, it is hereby **ORDERED** that the government's oral motion to continue and exclude time under the Speedy Trial Act is **GRANTED IN FULL**; and it is further **ORDERED** that the time period from August 31, 2021 to October 14, 2021 is excluded from the computation of time within which a trial must commence under the Speedy Trial Act.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated:  September 3, 2021