UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH LINO PADILLA,<br>also known as "Jose Padilla,"<br><br>Defendants. | Crim. No. 21-214 (JDB) |

### ORDER

Defendant Padilla is charged via indictment with ten felony and two misdemeanor offenses based on his participation in the events at the U.S. Capitol on January 6, 2021. See generally Indictment [ECF No. 6]. He has been detained pending trial since his arrest on February 23, 2021—now almost a year. At the status conference on January 26, 2022, the Court ordered a continuance and set a new status conference for April 6, 2022. The Court strongly advised the government to make all efforts necessary to ensure that all discovery has been made and is available to Padilla before that date. As is his right, Padilla did not consent to exclude the time until the April 6 conference from the computation of time under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161 et seq. Notwithstanding Padilla's lack of consent, the Court will order that the time between January 26 and April 6, 2022 be excluded for purposes of the STA.

The speedy trial clock under the STA is tolled when "the judge grant[s] [a] continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Here, an ends-of-justice continuance from January 26 to April 6, 2022 is warranted because of the defense's need for more time to prepare for trial and because of the volume and nature of potentially discoverable materials the government is still processing.

At the status conference on January 26, Padilla's counsel informed the Court that Padilla is unable to access portions of the discovery the government has produced due to issues with the databases on which the discovery is stored.  Padilla's counsel also stated that he has been unable to meet with his client because of the D.C. Jail's COVID-19 protocols.  Hence, excluding the time until April 6 is in the interests of justice since it will grant Padilla and his counsel needed time to review this case's discovery and prepare an effective defense.

Furthermore, while the government represented to the Court that it had turned over to Padilla all relevant case-specific discovery, the government is still processing global discovery.  In light of the government's representations at the January 26 status conference, and considering the substantial complexity of the discovery in this case, this Court finds that additional time is needed to permit the government to fulfill its discovery obligations and for Padilla to review the discovery he seeks.  Not excluding this time would likely result in a miscarriage of justice since it would deny Padilla reasonable time necessary to prepare for pretrial proceedings and trial.  See 18 U.S.C. § 3161(h)(7)(B)(i) & (ii); see also United States v. Salahmand, Crim. A. No. 08-192 (CKK), 2008 WL 11356766, at *3 (D.D.C. Oct. 30, 2008) (granting ends-of-justice continuance to enable "necessary but time-consuming review of the voluminous discovery [that] must be done largely before trial preparation can even begin").

For the foregoing reasons, the Court finds, under 18 U.S.C. § 3161(h)(7)(B)(i) and (ii), that the ends of justice served by excluding the time from January 26 through April 6, 2022 outweigh the interests of the public and defendant in a speedy trial.  Accordingly, it is hereby

**ORDERED** that the period from January 26, 2022 through April 6, 2022 is excluded from the computation of time within which a trial must commence under the Speedy Trial Act.

**SO ORDERED**.

3

/s/
JOHN D. BATES
United States District Judge

Dated: January 26, 2022