UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 21-214 (JDB) |
| v. | Honorable John D. Bates |
| JOSEPH LINO PADILLA<br>also known as "Jose Padilla," | DEFENDANT'S MOTION TO DISMISS COUNT SEVEN OF THE SUPERSEDING INDICTMENT |
| Defendant. | |

## DEFENDANT JOSEPH LINO PADILLA'S MOTION TO DISMISS COUNT SEVEN OF THE SUPERSEDING INDICTMENT

NOW COMES Defendant Joseph Lino Padilla, by and through his attorney, Michael J. Cronkright, and Cronkright Law, PLLC, and moves this Honorable Court to dismiss Count Seven of the superseding indictment filed on November 10th, 2021, for failure to state an offense and lack of specificity. Fed. R. Crim. P. 12(b)(3)(B).

### I. INTRODUCTION

Mr. Padilla is charged in a superseding indictment with obstruction of an official proceeding in violation of 18 U.S.C. §1512(c)(2). Count Seven alleges:

> "On or about January 6, 2021, within the District of Columbia and elsewhere, **JOSEPH LINO PADILLA**, also known as [']Jose Padilla['] attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.
>
> (**Obstruction of an Official Proceeding and Aiding and Abetting,** in violation of Title 18, United States Code, Sections 1512(c)(2) and 2) (1:21-cr-00214-JDB, Document 48, pg. 4)

Mr. Padilla respectfully moves this Honorable Court to dismiss Count Seven for the reasons set forth below.

## II. STANDARDS OF REVIEW

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). An indictment "must provide the defendant sufficient detail to allow him to prepare a defense, to defend against a subsequent prosecution of the same offense, and to ensure that he be prosecuted upon facts presented to the grand jury." *United States v. Apodaca*, 275 F. Supp. 3d 123, 153 (D.D.C. 2017) (*citing Russell v. United States*, 369 U.S. 749 (1962), and *Stirone v. United States*, 361 U.S. 212 (1960)). A defendant "may raise by pretrial motion any defense, objection, or request that the Court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(3)(B). Rule 12 provides that a defendant may also move to dismiss the indictment for "failure to state an offense" and "lack of specificity." FED. R. CRIM. P. 12(b)(3)(B)(iii), (v). In considering a Rule 12 motion to dismiss, "the Court is bound to accept the facts stated in the indictment as true." United States v. Syring, 522 F. Supp. 2d 125, 128 (D.D.C. 2007); United States v. Sampson, 371 U.S. 75, 78 (1962). Accordingly, "the Court cannot consider facts beyond the four corners of the indictment." United States v. Ring, 628 F. Supp. 2d 195, 204 (D.D.C. 2009)(internal quotations omitted).

### III. ARGUMENT: Mr. Padilla's alleged conduct does not fit the 18 U.S.C. §1512 Charge because § 1512(c)(2) <u>is limited</u> by subsection § 1512(c)(1)

It is acknowledged that this court has not granted any motion for dismissal of 18 U.S.C. §1512(c)(2) charges. However, Mr. Padilla's conduct on or around January 6th, 2021, is not conducive to an 18 U.S.C. §1512(c)(2) charge. Section 1512 is entitled "tampering with a witness, victim or an informant," which suggests that its subsections deal with judicial-type proceedings where a "witness, victim, or informant" is expected to testify. Subsection (c) states:

(c) Whoever corruptly –

(1) Alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the objects integrity or availability for use in an official proceeding; or

(2) Otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title, or imprisoned not more than 20 years, or both.

Under the statute's plain language and structure, the most natural and plausible reading of 18 U.S.C. §1512(c)(2) is that it covers acts that have the *same kind* of obstructive impact as the listed forms of obstruction in §1512(c)(1). With this understanding, Mr. Padilla's conduct cannot be construed as conduct which supports a §1512(c)(2) charge. The government has not alleged in the indictment or statement of facts that Mr. Padilla took any action with respect to a document, record, or other object in order to corruptly obstruct, impede, or influence Congress's certification of the electoral college vote as required under §1512(c)(2).

18 U.S.C. §1512 was enacted in 1982 as part of the Victim and Witness Protection Act and represents a congressional intent to criminalize any tampering with potential witnesses in official proceedings. In 2002, the current subsection (c) was added by congressional passage of the Sarbanes-Oxley Act. The amendment followed on the heels of the Enron scandal where Arthur Anderson was accused of destroying potentially incriminating documents.

### SARBANES-OXLEY ACT OF 2002

The §1512 amendments passed in 2002 were principally focused on eliminating obstacles to prosecution under the act:

> "Before the Sarbanes-Oxley Act amended Section 1512, it was limited by its own language to acts of an individual who coerced a third party with intent to tamper with a witness's testimony or evidence that could be used in an official proceeding. However, Section 1512 did not criminalize the obstructive act of the person who actually destroyed the evidence. However, the Sarbanes-Oxley Act created a new Section 1512(c) to catch individuals who are altering or destroying documents or

evidence rather than the individual who is corruptly persuading another individual to destroy documents or evidence."[1]

On July 30th, 2002, Former President George W. Bush stated that "[t]o ensure that no infringement on the constitutional right to petition the Government for redress of grievances occurs in the enforcement of section 1512(c) of title 18 of the U.S. Code, enacted by section 1102 of the Act, which among other things prohibits corruptly influencing any official proceeding, the executive branch shall construe the term "corruptly" in section 1512(c)(2) as requiring proof of a criminal state of mind on the part of the defendant."[2]

## THE BARR MEMORANDUM

A June 8th, 2018, memorandum from former Attorney General William P. Barr to Deputy Attorney General Rod Rosenstein and Assistant Attorney General Steve Engel regarding Mueller's "Obstruction" Theory (hereinafter referred to as Barr Memorandum) provides the Court with a persuasive interpretation regarding how Section 1512(c) should be articulated. Barr explains:

> As things stand, obstruction laws do not criminalize just any act that can influence a "proceeding." Rather they are concerned with acts intended to have a particular kind of impact. A "proceeding" is a formalized process for finding the truth. In general, obstruction laws are meant to protect proceedings from actions designed subvert the integrity of their truth-finding function through compromising the honesty of decision-makers (e.g., judge, jury) or impairing the integrity or availability of evidence-testimonial, documentary, or physical. Thus, obstruction laws prohibit a range of "bad acts" - such as tampering with a witness or juror; or destroying, altering, or falsifying evidence - all of which are inherently wrongful because, by their very nature, they are directed at depriving the proceeding of honest decision-makers or access to full and accurate evidence. In general, then, the actus reus of an obstruction offense is the inherently subversive "bad act" of impairing the integrity of a decision-maker or evidence. The requisite mens rea is simply intending the wrongful impairment that inexorably flows from the act. (Barr Memorandum pg. 1) (Attached as Exhibit 1)

The Barr Memorandum goes on to elaborate that:

---

[1] https://casetext.com/analysis/avoiding-traditional-obstruction-of-justice-statutes-while-conducting-corporate-internal-investigations?sort=relevance&resultsNav=false&q=
[2] https://www.presidency.ucsb.edu/documents/statement-signing-the-sarbanes-oxley-act-2002

"[b]y its terms, §1512 focuses exclusively on actions that subvert the truth-finding function of a proceeding by impairing the availability or integrity of evidence - testimonial, documentary, or physical. Thus, § 1512 proscribes a litany of specifically defined acts of obstruction, including killing a witness, threatening a witness to prevent or alter testimony, destroying or altering documentary or physical evidence, and harassing a witness to binder testimony. All of these enumerated acts are "obstructive" in precisely the same way- they interfere with a proceeding's ability to gather complete and reliable evidence." (Barr Memorandum pg. 4)**.** The Barr Memorandum explains that §1512(c)(2) is limited by the acts enumerated in §1512(c)(1):

"The question here is whether the phrase - "or corruptly otherwise obstructs" - in clause (c)(2) is divorced from the litany of the specific prohibitions in§ 1512, and is thus a free-standing, all-encompassing prohibition reaching any act that influences a proceeding, or whether the clause's prohibition against "otherwise" obstructing is somehow tied to, and limited by, the character of all the other forms of obstruction listed in the statute. *I think it is clear that use of the word "otherwise" in the residual clause expressly links the clause to the forms of obstruction specifically defined elsewhere in the provision. Unless it serves that purpose, the word "otherwise" does no work at all and is mere surplusage…* (emphasis added).

As the Supreme Court has suggested, Begay v. United States, 553 U.S. 137, 142-143 (2008), when Congress enumerates various specific acts constituting a crime and then follows that enumeration with a residual clause, introduced with the words "or otherwise," then the more general action referred to immediately after the word "otherwise" is most naturally understood to cover acts that cause a similar kind of result as the preceding listed examples, but cause those results in a different manner. In other words, the specific examples enumerated prior to the residual clause are typically read as refining or limiting in some way the broader catch-all term used in the residual clause. See also Yates v. United States, 135 S.Ct. 1074, 1085-87 (2015). As the Begay Court observed, if Congress meant the residual clause to be so all-encompassing that it subsumes all the preceding enumerated examples, "it is hard to see why it would have needed to include the examples at all." 553 U.S. at l 42; see McDonnell v. United States, 136 S.Ct. 2355, 2369 (2016). An example suffices to make the point: If a statute prohibits "slapping, punching, kicking, biting, gouging eyes, or otherwise hurting" another person, the word "hurting" in the residual clause would naturally be understood as referring to the same kind of physical injury inflicted by the enumerated acts, but inflicted in a different way - i.e., pulling hair. It normally would not be understood as referring to any kind of "hurting," such as hurting another's feelings, or hurting another's economic interests.

Consequently, under the statute's plain language and structure, the most natural and plausible reading of 1512(c)(2) is that it covers acts that have the same kind of obstructive impact as the listed forms of obstruction - i.e., impairing the availability or integrity of evidence - but cause this impairment in a different way than the enumerated actions do. Under this construction, then, the "catch all" language in

clause (c)(2) encompasses any conduct, even if not specifically described in 1512, that is directed at undermining a proceeding's truth-finding function through actions impairing the integrity and availability of evidence. (Barr Memorandum, pgs. 4-5).

The Department of Justice Archives Criminal Resource Manual Number 1729 explains that "[s]ection 1512 of Title 18 constitutes a broad prohibition against tampering with a witness, victim, or informant. It proscribes conduct intended to illegitimately affect the presentation of evidence in Federal proceedings or the communication of information to Federal law enforcement officers. It applies to proceedings before Congress, executive departments, and administrative agencies, and to civil and criminal judicial proceedings, including grand jury proceedings. *See* 18 U.S.C. § 1515(a)(1). In addition, the section provides extraterritorial Federal jurisdiction over the offenses created therein. *See* 18 U.S.C. § 1512(g); 128 Cong. Rec. H8469 (daily ed. Oct. 1, 1980); H. R. Rep. No. 1369, 96th Cong., 2d Sess. 20-22 (1980).

Finally, while acknowledging that this Court has taken a different view, Defendant notes that in United States v. Miller, 1:21-cr-00119-CJN, the court found that "§1512(c)(2) must be interpreted as limited by subsection (c)(1), and thus, requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding." *United States v. Miller*, Document #72, pg. 28. Using that standard, nothing in Count Seven of the Superseding Indictment alleges or implies that Mr. Padilla took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote.

### IV. CONCLUSION

Mr. Padilla respectfully requests that this court dismiss Count Seven of the Superseding Indictment, which charges him with Obstruction of an Official Proceeding and Aiding and Abetting in violation of Title 18, United States Code, Sections 1512(c)(2). Under the rationale

cited in *Miller*, this motion should be granted because the indictment does not allege that Mr. Padilla took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote. Using the analysis in the *Barr Memorandum*, this motion should be granted because the indictment does not allege that Mr. Padilla's actions impaired any Congressional effort to obtain complete and reliable information. Defendant respectfully submits that both arguments are persuasive and should be adopted by the Court.

Respectfully submitted:

_____
Michael J Cronkright (P52671)
Cronkright Law, PLLC
420 W. Saginaw, Ste. J2A
Lansing, MI 48917
Phone (517) 881-4643
Michael@Cronkrightlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant Joseph Padilla's Motion to Dismiss Count Seven of the Superseding Indictment is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record, this 27th day of December, 2022.

_____
Michael J Cronkright (P52671)
Cronkright Law, PLLC
420 W. Saginaw, Ste. J2A
Lansing, MI 48917
Phone (517) 881-4643
Michael@Cronkrightlaw.com