UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

Crim. No. 21-214 (JDB)
Honorable John D. Bates

JOSEPH LINO PADILLA
also known as "Jose Padilla,"
    Defendant.

## DEFENDANT'S REQUEST FOR ACCESS TO DISCOVERY

NOW COMES Defendant, Joseph Padilla, by and through his attorney, Michael J Cronkright and, in support of his Request for Access to Discovery, states:

## INTRODUCTION

This matter is set for trial beginning May 1, 2023. Defendant is an active and diligent participant in the preparation of his defense and requires access to the evidence and to counsel. Defendant is confined at the Correctional Treatment Facility in Washington D.C. Defendant previously had telephone access to counsel in half-hour increments and could make a second call after the expiration of the allotted time. Although limited, this effectively made 1 hour consult calls frequently available. Recently the phone system has changed and Defendant is now limited to 15 minutes and there must be a 15 minute "cooling off" period before a second call. This effectively provides 15 minute consults instead of 1 hour consults.

Defendant has limited access to a computer to review case specific discovery. Defendant must request use of a computer and, once obtained, he can keep the computer for two weeks and then it goes back into the pool. With the current waiting list, it can take months to get a computer.

Defendant has no access to Relativity and no way to review the general discovery that is in the possession of the government. This limits his ability to conduct his own evidence search and review. He does have access to Evidence.com, but this leaves him without access to a vast amount of information in the government's possession. Further, it leaves him relying on others to identify case specific materials.

## REQUEST FOR ACCESS TO EVIDENCE

Defendant is requesting personal access to available evidence. As an active participant in the development of his own defense, he desires the ability to search through the available documents, photographs, video and any other evidence electronically stored, so that he can determine for himself what evidence is potentially important to his case.

Access requires both content and equipment. Defendant requires access to a computer from now until the completion of the trial. In another case where the discovery materials can be reviewed in a matter of hours, this may not be a reasonable request. In this case, the Court is well informed of the vast amount of evidence that is available for review. Defendant is aware that, working by himself, it would take him years of effort to come close to the amount of examination and analysis that the government has done on this case and many others. Nonetheless, he wants to make the greatest contribution possible to the trial preparation effort.

Defendant is specifically requesting a computer. Providing him with a computer that he can use continuously from now until the completion of his trial is a cost-effective way of satisfying his need to be more involved in case preparation. Defendant is specifically requesting access to Relativity. This is easily done and would satisfy his need to conduct independent research on his case. In addition to a computer, Defendant is requesting full time access to his case specific discovery, which is in the possession of the jail.

## **ACCESS TO COUNSEL**

Through no fault of his own, Defendant has had his access to counsel limited. Defendant requests that his confidential access to counsel be restored. At a time when trial preparation requires more access, Defendant finds himself with less. Given the opportunity, Defendant would appreciate several weekly one-hour phone calls with his attorneys.

Respectfully submitted:

/s/ *Michael J Cronkright*

_____
Michael J Cronkright (P52671)
Cronkright Law, PLLC
420 W. Saginaw, Ste. J2A
Lansing, MI 48917
Phone (517) 881-4643
Michael@Cronkrightlaw.com