UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-214 (JDB) |
| : | |
| JOSEPH LINO PADILLA : | |
| also known as "Jose Padilla," : | |
| : | |
| Defendant. : | |

### UNITED STATES' OPPOSITION TO THE DEFENDANT'S
### REQUEST FOR ACCESS TO DISCOVERY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to the defendant's "request" for access to the Relativity global discovery database without presence of his counsel.

### PROCEDURAL HISTORY

On February 23, 2021, the defendant, Joseph Lino Padilla, was arrested on charges related to his conduct at the United States Capitol on January 6, 2021. Following his arrest, Magistrate Judge Zia Faruqui conducted a detention hearing on March 31, 2021, at which time the court ordered the defendant detained pending trial.

On April 9, 2021, this Court issued an unopposed protective order governing discovery in this case. ECF 14. This protective order requires, among other things, that "defense counsel may not provide a copy of Highly Sensitive materials to Defendant or permit Defendant to view such materials unsupervised by defense counsel" or other members of the defense team. *Id.* at 3. Highly sensitive materials can include "personal identity information," "information regarding the government's confidential sources," "information that may jeopardize witness security," information related to "individuals that do not appear to be related to the criminal conduct in this

case," "medical or mental health records," surveillance footage from the United States Capitol, and "materials designated as 'security information' pursuant to 2 U.S.C. § 1979." *Id.* at 1-2. Where a defendant is detained by the United States Marshals Service, "defense counsel may provide a copy of discovery materials to the appropriate point of contact so that the defendant can view the discovery materials, subject to the terms of this Order." *Id.* at 4.

On February 23, 2023, the defendant filed a request for access to discovery. ECF 70. In the filing, the defendant requests "personal access to available evidence," specifically "access to [the] Relativity" global discovery database for January 6 cases. *Id.* at 1-2. To facilitate this access, the defendant further asks for a computer to "use continuously from now until the completion of his trial." *Id.* at 2. Lastly, the defendant also requested "full time access to his case specific discovery." *Id.*[1]

At this time, the defendant remains detained, and a jury trial is scheduled for May 1, 2023.

## ARGUMENT

### I. The Court should not amend the existing protective order

Federal Rule of Criminal Procedure 16(d)(1) states that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief" in regulating discovery. Requests to limit discovery under Rule 16(d)(1) are subject to a "balancing of interests," *United States v. Williams Cos., Inc.*, 562 F.3d 387, 395 (D.C. Cir. 2009), with the government's showing of good cause weighed against any imposition that the proposed limitation would place on the defendant's Sixth Amendment right to present an effective defense, *United States v. Celis*, 608 F.3d 818, 829 (D.C. Cir. 2010). It is well established that protective orders are appropriate where the disclosure of discovery could jeopardize the national security of the United

---

[1] The government takes no position on defendant's request for additional access to counsel.

2

States, compromise an ongoing investigation, or infringe on the privacy of uncharged third parties and others associated with a case. *See, e.g.*, *United States v. Concord Mgmt. & Consulting LLC*, 404 F. Supp. 3d 67, 75 (D.D.C. 2019); *United States v. Lindh*, 198 F. Supp. 2d 739, 742 (E.D. Va. 2002).

### *a. There is good cause to continue to limit the defendant's access to the Relativity database*

The global discovery contained in the Relativity database far exceeds the information to which the defendant is entitled under Federal Rule of Criminal Procedure 16, the *Jencks* act, or the government's *Brady* obligations. Nonetheless, this vast quantity of data has been made available to Padilla and other defendants due to the unique circumstances of this matter, *i.e.*, literally hundreds of similar crimes being committed in the same place contemporaneously. By way of example, the defense instance of Relativity workspace contains over 60,000 tips provided to the FBI; information that if disclosed, would reveal the identities of tipsters and could jeopardize their safety. Moreover, the database also includes background information, including personal identity information accumulated about investigation subjects—including uncharged individuals; and financial, communications, and travel records pertaining to investigation subjects.

The amount of sensitive and highly sensitive material in Relativity is continually growing with the addition of new materials derived from searches of subjects' digital devices and social media accounts, and interviews with defendants, witnesses, and victims. If the defendant's motion is allowed, he would gain unmonitored access to hundreds of thousands of documents containing such sensitive information.

Further, although the defendant stylized his filing as a request for access to the Relativity database, he already has access to it by way of his attorney who has long had full access to global discovery to aid in the defendant's preparation for trial. By contrast, even in cases where a

defendant proceeds *pro se*, courts have held that a protective order limiting the defendant's access to certain kinds of discovery is appropriate. *See, e.g.*, *United States v. Bisong*, 645 F.3d 384, 396-97 (D.C. Cir. 2011) (pro se defendant's contention that the district court denied him an opportunity to review discovery and prepare his pro se defense failed where district court ensured standby counsel had access to the discovery materials and was getting defendant the records he requested prior to trial); *United States v. Galloway*, 749 F.3d 238, 242 (4th Cir. 2014) (requirement that pro se defendant review discovery in the courthouse's lockup area and restriction on bringing discovery materials back to the detention center where he was being held did not deprive defendant of meaningful access to discovery); *United States v. Sarno*, 73 F.3d 1470, 1492 (9th Cir.1995) (no constitutional violation where government allowed defendant to review discovery to determine which documents should be copied for his pretrial preparation—but gave him only 20 hours to inspect 250,000 pages of material). As such, the defendant cannot show that his continuing restricted access to the Relativity database hinders his ability to prepare for trial such that it outweighs the government's interest in protecting the sensitive information contained within.

## CONCLUSION

For these reasons, the United States requests that this Court deny the defendant's filing to amend the protective order and provide him with unfettered access to the Relativity global discovery database.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:    */s/ Douglas B. Basher*
        DOUGLAS B. BASHER
        Assistant United States Attorney
        Detailee
        Texas State Bar No. 21077601
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242-1699
        (214) 659-8604
        douglas.basher@usdoj.gov

        */s/ Andrew S. Haag*
        ANDREW S. HAAG
        Assistant United States Attorney
        MA Bar No. 705425
        601 D Street, N.W.
        Washington, DC 20530
        (202) 252-7755
        Andrew.Haag@usdoj.gov