UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH LINO PADILLA,<br>also known as "Jose Padilla,"<br><br>Defendant. | Criminal Action No. 21-214 (JDB) |

## ORDER

Before the Court is defendant Joseph Lino Padilla's motion requesting access to the discovery in his case. See Def.'s Req. for Access to Disc. [ECF No. 70] ("Disc. Mot."). Specifically, Padilla requests (1) "personal access" to "a computer that he can use continuously from now until the completion of his trial," (2) access to Relativity, which houses general discovery from the government, (3) "full time access to his case specific discovery, which is in the possession of the jail," and (4) "several weekly one-hour phone calls with his attorneys." Id. at 1–2. For the reasons explained below, the Court will deny Padilla's request for personal access to Relativity and will hold his remaining requests in abeyance pending a joint status report by the parties addressing resolution as to those issues.

### Background

Padilla has been charged with 12 counts related to his participation in the events at the Capitol on January 6, 2021. See Indictment [ECF No. 48]. He has been detained pending trial since his arrest on February 23, 2021, see Feb. 23, 2021 Min. Entry, and is currently detained at the Correctional Treatment Facility ("CTF") in Washington, D.C., Disc. Mot. at 1. His trial is scheduled to begin May 1, 2023. See Feb. 15, 2023 Min. Entry.

1

On April 9, 2021, upon a motion by the government, the Court entered an unopposed protective order governing discovery in this case. See Protective Order Governing Disc. [ECF No. 14] ("Protective Order"). Relevant here, the protective order provides that "[d]efense counsel may not provide a copy of Highly Sensitive materials to Defendant or permit Defendant to view such materials unsupervised by defense counsel or an attorney, investigator, paralegal, or support staff person employed by defense counsel." Protective Order at 3. "Highly Sensitive materials" include "[p]ersonal identity information," "[i]nformation regarding the government's confidential sources," "[i]nformation that may jeopardize witness security," information related to "individuals that do not appear to be related to the criminal conduct in this case," "[m]edical or mental health records," surveillance footage from the Capitol, and "[m]aterials designated as 'security information' pursuant to 2 U.S.C. § 1979." Id. at 1–2.

On February 23, 2023, Padilla filed the instant motion requesting personal access to discovery in his case. See Disc. Mot. He identifies issues relating to both his access to evidence and his ability to communicate with his counsel. See id. Regarding his access to evidence, Padilla claims he "has limited access to a computer to review case specific discovery" because he "must request use of a computer and, once obtained, he can keep the computer for two weeks and then it goes back into the pool. With the current waiting list, it can take months to get a computer." Id. at 1. He further claims that his lack of access to Relativity "limits his ability to conduct his own evidence search and review." Id. He contends that personal, continuous access to a computer is a reasonable request in this case because there is a "vast amount of evidence that is available for review." Id. at 2. Regarding his access to counsel, Padilla represents that "[t]hrough no fault of his own, [he] has had his access to counsel limited" because "[r]ecently the phone system has changed and [he] is now limited to 15 minutes [with] a 15 minute 'cooling off' period before a

y
z

second call," "effectively provid[ing] 15 minute consults instead of 1 hour consults" as was the case previously. Id. at 1–2.

On March 2, 2023, the government filed a response opposing only Padilla's request for "access to the Relativity global discovery database without presence of his counsel." See United States' Opp'n to Disc. Mot. [ECF No. 71] ("Gov't Opp'n") at 1. Padilla did not file a reply. The motion is now ripe for decision.

## Analysis

### I. Request for Access to Relativity

Padilla requests personal access to Relativity, the database the government uses to house global discovery related to January 6. Disc. Mot. at 1–2. The government opposes this request, arguing that this access is prohibited by the existing protective order, and there is good cause to continue to restrict Padilla's access to this database. See Gov't Opp'n at 2–4.

Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Requests to limit discovery under Rule 16(d)(1) are subject to a "balancing of interests." United States v. Williams Cos., 562 F.3d 387, 395 (D.C. Cir. 2009). Courts "balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense." United States v. Celis, 608 F.3d 818, 831 (D.C. Cir. 2010). "It is well established that protective orders are appropriate where the disclosure of discovery could jeopardize the national security of the United States, compromise an ongoing investigation, or infringe on the privacy of uncharged third parties and others associated with a case." United States v. Concord Mgmt. & Consulting LLC, 404 F. Supp. 3d 67, 75 (D.D.C. 2019).

3

The government argues that Padilla's access to the Relativity database should continue to be restricted because it contains "highly sensitive material," as defined by the protective order. See Gov't Opp'n at 3–4.  It claims that "[t]he global discovery contained in the Relativity database far exceeds the information to which the defendant is entitled under Federal Rule of Criminal Procedure 16, the Jencks act, or the government's Brady obligations." Id. at 3.  The government represents that this database contains "over 60,000 tips provided to the FBI[,] information that if disclosed, would reveal the identities of tipsters and could jeopardize their safety," as well as "background information, including personal identity information accumulated about investigation subjects—including uncharged individuals[—]and financial, communications, and travel records pertaining to investigation subjects." Id.  It argues that if the Court granted Padilla access, "he would gain unmonitored access to hundreds of thousands of documents containing such sensitive information." Id.  Moreover, and perhaps most importantly, Padilla "already has access to [Relativity] by way of his attorney who has long had full access to global discovery to aid in the defendant's preparation for trial." Gov't Opp'n at 3.

Padilla advances no legitimate reason why the unopposed protective order should be modified to allow him unfettered and unsupervised access to Relativity, which contains global discovery, not even his case-specific discovery.  He merely states that he has "no way to review the general discovery that is in the possession of the government" absent "relying on others to identify case specific materials."  Disc. Mot. at 1.  Given the information-security concerns highlighted by the government, as well as the fact that Padilla already has access to this global discovery through his counsel, the Court will decline to modify the protective order and will accordingly deny this aspect of Padilla's motion.

## II. Other Requests for Access to Evidence and Counsel

In addition to access to Relativity, Padilla requests "personal access" to "a computer that he can use continuously from now until the completion of his trial," "full time access to his case specific discovery, which is in the possession of the jail," and "several weekly one-hour phone calls with his attorneys." Disc. Mot. at 1–2.

The Court is certainly sympathetic to the allegedly long wait times to obtain a computer to review discovery and agrees that, if true, this could hamper Padilla's right to assist in his defense. However, the Court is skeptical that the provision of a "personal computer" is an appropriate solution to this problem, given that it is not possible to provide every defendant in CTF with a personal computer. The Court also worries that, to the extent his case-specific discovery includes "Highly Sensitive material," full-time, unsupervised access to that discovery would contravene the protective order's mandate that "[d]efense counsel may not provide a copy of Highly Sensitive materials to Defendant or permit Defendant to view such materials unsupervised by defense counsel or an attorney, investigator, paralegal, or support staff person employed by defense counsel." Protective Order at 3. The Court is also sympathetic to Padilla's trouble communicating with his counsel and acknowledges that 15-minute phone calls with mandated 15-minute cooling off periods could impede Padilla's right to assist in his defense. However, the Court is reticent that "<u>several</u> weekly one-hour phone calls with his attorneys" is the appropriate solution, as this request is vague (it does not specify the precise number of phone calls) and it would strain resources if every defendant in CTF were to receive "several" one-hour phone calls every week.

Thus, the Court directs the parties to confer to develop a solution for Padilla to have appropriate access to discovery and communication with his counsel to the extent that such access and communications are currently being unduly restricted by CTF. The parties shall file a joint

status report by not later than March 29, 2023 updating the Court as to the resolution of these issues.  The Court will accordingly hold those aspects of Padilla's motion in abeyance pending receipt of that status report.

*   *   *

Upon consideration of [70] defendant's motion for access to his discovery, and the entire record herein, and for the reasons stated above, it is hereby

**ORDERED** that [70] defendant's motion for unsupervised, personal access to Relativity is **DENIED**; it is further

**ORDERED** that the parties shall meet and confer to discuss appropriate resolutions to the remaining requests in defendant's motion and shall file a joint status report updating the Court on the resolution as to those issues by not later than March 29, 2023; and it is further

**ORDERED** that defendant's remaining requests in [70] his motion for access to discovery shall be **HELD IN ABEYANCE** pending the filing of the joint status report.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated:  March 14, 2023