UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff<br>v.<br><br>JOSEPH LINO PADILLA<br>also known as "Jose Padilla,"<br><br>    Defendant. | Crim. No. 21-214 (JDB)<br>Hon. John D. Bates<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE RE CROSS-EXAM OF SECRET SERVICE WITNESS** |

### DEFENDANT JOSEPH LINO PADILLA'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE REGARDING CROSS-EXAMINATION OF U.S. SECRET SERVICE WITNESS

NOW COMES Defendant, Joseph Padilla, by and through his attorney, Michael J Cronkright, and in response to the Government's Motion in Limine Regarding Cross-Examination of U.S. Secret Service Witness states:

The Government's argument that Mr. Padilla's cross-examination of the Secret Service witness should be limited to questions only about: (1) Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergency's occur; or (2) Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees is contrary to the Sixth Amendment and the Federal Rules of Criminal Procedure. The question whether the "building [and] grounds" at issue were so restricted turns on whether the vice president "[was] or [would] be temporarily visiting" there when Padilla allegedly entered either of those places. §1752(c). Thus, the scope of direct examination, and cross-examination, encompasses the subject matter on which the government attempts to preclude witness testimony.

The Sixth Amendment's Confrontation Clause guarantees a defendant the right "to be confronted with the witnesses against him." U.S. Const. amend VI. A defendant's right to cross-

examine, with the opportunity to impeach, an adverse witness "is the main and essential purpose" of the Confrontation Clause. Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986). Generally, Confrontation Clause issues "fall into two broad categories: cases involving the admission of out-of-court statements and cases involving restrictions imposed by law or by the trial court on the scope of cross-examination." Delaware v. Fensterer, 474 U.S. 15, 18 (1985). The latter category is governed by the Supreme Court's decision in Davis v. Alaska, 415 U.S. 308, 315 (1974). 474 U.S. at 18. In Davis, "the Court recognized that Confrontation Clause questions will arise [when restrictions are placed on the scope of cross-examination] because such restrictions may 'effectively . . . emasculate the right of cross-examination itself.'" Fensterer, 474 U.S. at 19 (quoting Smith v. Illinois, 390 U.S. 129, 131 (1968)); Davis, 415 U.S. at 315 ("[T]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.")

The Government cites to Fensterer for the proposition that the "Confrontation Clause only guarantees 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" ECF No. 72, p. 3 (quoting 474 U.S. at 20). It is not clear why the government cites to this case as the Court held in Fensterer, the trial court in that case "did not limit the scope or nature of defense counsel's cross-examination in any way." 474 U.S. at 19.

While the right to unlimited cross-examination concerning any topic is not constitutionally guaranteed, a criminal defendant does have a right within reasonable limits to cross-examine an adverse witness concerning matters that could reveal biases for the prosecution, biases against the defendant, a motivation to lie, or matters that call into question the credibility of the witness. Van Arsdall at 678–79; see also Olden v. Kentucky, 488 U.S. 227 (1988); Davis, 415 U.S. 308.

Furthermore, the Government has not provided a witness list and it is therefore impossible for the defense to anticipate what questions it might have for each witness.

In United States v. David Rhine, Case No 21-0687-RC, the Court denied the Government's motion for a pretrial order regarding limiting Defense Counsel's ability to cross-examine the Secret Service Witness and further stated that the court will rule on any objections to specific questions at trial, citing Barnes, 924 F. Supp. 2d at 79 ("[I]n some instances it is best to defer rulings until trial, [when] decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole."). Without being more adequately informed as to the questions on direct examination, Defendant objects to any predetermined limitations on cross-examination.

Further, Defendant expects to file a jury waiver within the next week and, upon information and belief, the government has no objection to proceeding with a bench trial. As a result, the need for advance rulings on this issue is somewhat negated. The Court will be in a good position to deal with any objections in real time as the need arises.

WHEREFORE Mr. Padilla requests this Court to deny the Government's Motion in Limine Regarding Cross-Examination of their U.S. Secret Service Witness.

Respectfully submitted:

/s/ *Michael J Cronkright*

_____
Michael J Cronkright (P52671)
Cronkright Law, PLLC
420 W. Saginaw, Ste. J2A
Lansing, MI 48917
Phone (517) 881-4643
Michael@Cronkrightlaw.com