UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:21-cr-214 (JDB) |
| | : | |
| **JOSEPH LINO PADILLA** | : | |
| also known as "Jose Padilla," | : | |
| | : | |
| **Defendant.** | : | |

### REPLY IN SUPPORT OF UNITED STATES' MOTION *IN LIMINE* REGARDING CROSS-EXAMINATION OF U.S. SECRET SERVICE WITNESS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Reply in Support of its Motion *In Limine* Regarding Cross-Examination of U.S. Secret Service Witness. ECF No. 72. In its motion *in limine*, the government seeks to limit the defendant's cross-examination of Secret Service witnesses at trial with respect to two well-defined areas:

1. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur; and

2. Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees.

*Id.* at 2.

As noted in the motion, the government plans to call a Secret Service witness for the limited purpose of explaining that the Secret Service is tasked with protecting the Vice President and his family, that the Vice President and his family were present at the Capitol on January 6, 2021, and the impact of the riots on the Secret Service's ability to accomplish their task. *Id.* at 4. This testimony will establish some of the elements for the charges under 18 U.S.C. § 231 and § 1752.

*Id.* The defendant argues in his response that the areas of questioning raised in the motion *in limine* are within the scope of direction examination and therefore cross examination as well. ECF No. 75 at 1 (hereinafter "Def. Res."). Assuming, without conceding, that the defendant is correct, the defendant provides no substantive claim that such questioning is relevant. Indeed, the defendant cannot make such a claim. The emergency protocols utilized by the Secret Service cannot undermine the fact that Vice President Pence and his family were at the Capitol on January 6; a fact well-established by Secret Service witnesses testifying at dozens of criminal trials stemming from the events of January 6, 2021. *See e.g., United States v. Couy Griffin*, 21-cr-92-TNM (where the location of Vice President Pence on that date was a contested issue). The number and type of agents in protective details cannot repeal 18 U.S.C. § 3056, which establishes that the Vice President and their family are Secret Service protectees.

The defendant also asserts, without explanation, that these areas of questioning could impeach the Secret Service witness. Def. Res. at 2. Bare speculation is an insufficient argument to overcome the government's legitimate interest in ensuring that sensitive information related to the protection of the high-ranking members of the Executive branch and national security are not compromised by needless cross examination.

## CONCLUSION

For these reasons, the United States requests that this Court allow its motion *in limine* to limit cross-examination of any witness with the Secret Service.

       Respectfully submitted,

       MATTHEW M. GRAVES
       United States Attorney
       D.C. Bar No. 481052

By: */s/ Douglas B. Basher*
       DOUGLAS B. BASHER
       Assistant United States Attorney
       Detailee
       Texas State Bar No. 21077601
       1100 Commerce Street, Third Floor
       Dallas, Texas 75242-1699
       (214) 659-8604
       douglas.basher@usdoj.gov

       */s/ Andrew S. Haag*
       ANDREW S. HAAG
       Assistant United States Attorney
       MA Bar No. 705425
       601 D Street, N.W.
       Washington, DC 20530
       (202) 252-7755
       Andrew.Haag@usdoj.gov