UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-214 (JDB) |
| : | |
| JOSEPH LINO PADILLA, : | |
| also known as "Jose Padilla," : | |
| : | |
| Defendant. : | |

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE
CERTAIN EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the Court issue an order precluding Joseph Padilla from introducing an email sent by ▮▮▮▮▮▮▮▮▮▮ after January 6, 2021 at trial. The Court should issue this order because the email is irrelevant under Rule 401 of the Federal Rules of Evidence. Insofar as the email is relevant, it is also more prejudicial than probative, raises a substantial danger of wasting the court's time, and confuses the issues under Rule 403.

**I.    Factual Background**

In preparation for trial, the government conducted a search of materials to locate any statements discoverable under the *Jencks* Act, 18 U.S.C. § 3500. As of a result of that search, the government found an email sent by ▮▮▮▮▮▮▮▮▮▮ shortly after the events of January 6, 2021. The email, which is included as an attachment to this motion, contains ▮▮▮▮▮ personal views about the capabilities of the United States Capitol Police on January 6. ▮▮▮▮▮ is expected to testify during the trial that he was present on the Lower West Terrace when the defendant allegedly threw a flagpole towards police officers and that he was struck by the defendant's throw.

## II. The Email is Irrelevant and More Prejudicial than Probative, and Should Be Excluded

The Court may only admit evidence at trial if it is relevant to the matter at hand. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. Even if evidence is relevant, the Court may nonetheless exclude the "evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The email at issue contains the witness's personal opinions about the preparedness of the United States Capitol Police during the riots on January 6, 2021. ▮▮▮▮, however, is only expected to testify about the riotous conduct that he witnessed and how he was the victim of several assaults that day, including an assault by the defendant. ▮▮▮▮ opinion of whether ▮ ▮▮▮▮ could adequately respond to the riots is not relevant to this testimony because it does not detract from the defendant's conduct. Similarly, even if the email is relevant, its prejudicial effect far outweighs any probative value. Nor does ▮▮▮▮ opinion indicate any bias under Fed. R. Evid. 608. For these reasons, the government asks that the Court issue an order excluding the use of the email at trial.

    Respectfully submitted,

    MATTHEW M. GRAVES
    UNITED STATES ATTORNEY
    D.C. Bar Number 481052

    */s/ Douglas B. Basher*
    DOUGLAS B. BASHER
    Assistant United States Attorney

Detailee
Texas State Bar No. 21077601
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
(214) 659-8604
douglas.basher@usdoj.gov

/s/ Andrew Haag
ANDREW S. HAAG
Assistant United States Attorney
MA Bar No. 705425
601 D Street, N.W.
Washington, DC 20530
(202) 252-7755
Andrew.Haag@usdoj.gov