UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff | Crim. No. 21-214 (JDB) |
| v. | Hon. John D. Bates |
| JOSEPH LINO PADILLA<br>also known as "Jose Padilla," | |
| Defendant. | |

**DEFENDANT'S ARGUMENTS AGAINST UPWARD DEPARTURE PURSUANT TO U.S.S.G. §3A1.4**

**U.S.S.G. §3A1.4 is not applicable to Mr. Padilla and therefore
the commentary should not be applied**

The government seeks imposition of an upward departure based upon application note 4(A) to U.S.S.G. §3A1.4.  In doing so, the government concedes that the guideline itself is not applicable, and therefore the Court should look to the commentary, under which the Court has discretion up to the 12-level enhancement mandated by the guideline.  This argument lacks merit in light of the holding in *United States v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018).  The issue in *Winstead* was that the defendant's sentence was enhanced, not by application of the guideline, but by application of the commentary.  Winstead argued that the commentary cannot be squared with the guideline.  In *Winstead,* as here, the guideline incorporated a detailed statutory list.  As the Court explained:

> Thus, under this *Seminole Rock* deference, "Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* at 38, 113 S.Ct. 1913. If the two are inconsistent, "the Sentencing Reform Act itself commands compliance with the guideline." Citations Omitted.  *Winstead* @ 1091.

This interpretation is consistent with the holding of *Kisor v. Wilkie*, 139 S. Ct. 2400, 204 L. Ed. 2d, 2019, in which the Court stated:

> "If uncertainty does not exist, there is no plausible reason for deference. The regulation then just means what it means—and the court must give it effect, as the court would any law. Otherwise said, the core theory of *Auer* deference is that sometimes the law runs out, and policy-laden choice is what is left over. See *supra,* at 2412 - 2413. But if the law gives an answer—if there is only one reasonable construction of a regulation—then a court has no business deferring to any other reading, no matter how much the agency insists it would make more sense."

Here, U.S.S.G. §3A1.4 is sufficiently clear that reliance on the commentary is unwarranted and should not be applied.

### In accordance with U.S.S.G. §5K2.0, Mr. Padilla's conduct has already been adequately taken into consideration in determining applicable sentencing guidelines so an upward departure pursuant to U.S.S.G. §3A1.4 is not warranted.

Mr. Padilla's conduct, which the government asserts could warrant an upward departure, has already been accounted for in other sentencing enhancements and should not be re-considered as grounds for an upward departure under the terrorism enhancement commentary.

U.S.S.G. §5K2.0(a)(2)(A) states, "This subpart (Chapter Five, Part K, Subpart 2 (Other Grounds for Departure)) identifies some of the circumstances that the Commission may have not adequately taken into consideration in determining the applicable guideline range (e.g., as a specific offense characteristic or other adjustment). If any such circumstance is present in the case and has not adequately been taken into consideration in determining the applicable guideline range, a departure consistent with 18 U.S.C. § 3553(b) and the provisions of this subpart may be warranted."

The Government asserts that Mr. Padilla:

> ". . . carried out coercive and intimidating acts targeting the U.S. government by attacking its agents, namely officers of both the USCP and MPD as they sought to defend the Capitol building and the members of Congress inside. Padilla engaged in repeated, relentless verbal and physical attacks against the officers defending the West Plaza and the Tunnel."[1]

> "inten[ded] to influence, affect, or retaliate against the government is clear from his words before, during, and after January 6. Padilla repeatedly advocated for an armed violent revolution of American democracy, resorting to the "Cartridge box,"[2]

> and his "choice of target—the United States Capitol building— coupled with the level of violence he directed at the police protecting the building further evidences his intent to intimidate, affect, or retaliate against the government"[3]

The conduct the Government asserts warrants an upward departure has been adequately considered in determining the applicable sentencing guidelines which were applied to each count of conviction. Mr. Padilla's conduct on January 6th has been wholly accounted for in the sentencing guidelines and an upward departure based on conduct already considered is unnecessary.

## Trial Penalty

It does not escape notice that, for the most part, the majority of cases in which the government has sought the terrorism enhancement or departure are cases in which the defendant chose to go to trial. Defendant has already paid a heavy price in the loss of the acceptance of responsibility reduction.

---

[1] Government Sentencing Memorandum, Pg. 19
[2] *Id.*
[3] *Id.*

**CONCLUSION**

For the reasons stated above, U.S.S.G 3A1.4 Comment 4(A) should not be applied to Mr. Padilla.

Dated: September 11th, 2023 /s

_____
Michael J Cronkright (P52671)
Attorney for Joseph Padilla