UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

JOSEPH LINO PADILLA,
also known as Jose Padilla,

Defendant.

Crim. Action No. 21-214 (JDB)

### ORDER

Following a bench trial, this Court found defendant Joseph Lino Padilla guilty on ten counts arising out of his participation in the January 6, 2021 riot at the U.S. Capitol and imposed a sentence of 78 months' imprisonment, 24 months' supervised release, restitution, and a special assessment. See Judgment [ECF No. 104] at 1–7. Now before the Court is [111] Padilla's motion to receive court-appointed appellate counsel and to proceed in forma pauperis on appeal.

Padilla (through trial counsel) contends that he is entitled to court-appointed appellate counsel because he "has previously been determined by this Court to be qualified to receive and was provided court appointed counsel." Mot. to Proceed In Forma Pauperis [ECF No. 111]. Padilla is correct that, in March 2021, Magistrate Judge Faruqui granted his motion for court-appointed counsel and appointed counsel from the public defender's office. Mar. 29, 2021 Min. Entry. But Padilla replaced appointed counsel with retained counsel in November 2021 and has been represented by retained counsel since that time. Nov. 5, 2021 Min. Order. Given Padilla's apparent ability to afford retained counsel for the past two years, the March 2021 determination does not automatically entitle him to appointed counsel at this time.

However, "[i]f at any stage of the proceedings, including an appeal, . . . the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel." 18

U.S.C. § 3006A(c).  Such appointment shall be made where the Court is "satisfied after appropriate inquiry that the person is financially unable to obtain counsel." Id. § 3006A(b).  "The [statute] itself does not prescribe what form the court's required 'inquiry' must take," but in practice "it usually involves the defendant's submission of [the Criminal Justice Act ("CJA") Form 23] affidavit describing his or her financial circumstances." United States v. Avenatti, 550 F. Supp. 3d 36, 39 (S.D.N.Y. 2021).  The D.C. Circuit CJA Plan, this District's CJA Plan, and the Guide to Judiciary Policy all recognize execution of CJA Form 23 as the proper process to seek appointment of counsel.  See D.C. Circuit CJA Plan § III.B (as amended Sept. 4, 2020); D.D.C. CJA Plan § IV.B.2(a)–(b) (as amended Apr. 17, 2019); Guide to Judiciary Policy, Vol. 7A § 210.40.20 (revised Aug. 24, 2022) ("Guide"); see also United States v. Valdes, No. 03-3066, 2004 WL 885210, at *1 (D.C. Cir. Apr. 22, 2004) (per curiam).

Padilla has not yet filed a CJA Form 23 affidavit reflecting his current financial situation.  Hence, the Court will defer ruling on his motion until he has done so.[1]  Should the Court conclude that appointment of appellate counsel is warranted after considering Padilla's CJA Form 23, it will also waive Padilla's appellate filing fees pursuant to 18 U.S.C. § 3006A(d)(7).

\* \* \*

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that the Court will **DEFER** consideration of [111] Padilla's motion to receive court-appointed appellate counsel and to proceed in forma pauperis on appeal until Padilla files the required CJA Form 23.

/s/
JOHN D. BATES
United States District Judge

Dated:  October 20, 2023

---

[1] A copy of CJA Form 23 is attached to this Order.  Trial counsel is reminded that the form should be filed under seal.  See Guide, Vol. 7A § 210.40.20(h).

2